UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Patrick Sander,
      Plaintiff

-vs-

City Of Mount Vernon,
Mount Vernon Police Department,
Westchester Department Of Corrections,
Department Of Social Services;
Adult Protective Services,
Child Protective Services,
Jacobi Medical Center,
New York Police Department,
      Defendants

Civil Case No.:_____
**CIVIL RGHTS COMPLAINT PURSUANT TO 42 U.S.C. ss1983**

# Plaintiff demands a trial by: Jury

## JURISDICTION

1. This is a civil action seeking relief and/or damages as reperations to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. ss 1983. The Court has jurisdicton over this action pursuant to 28 U.S.C. ss 1331, 1343(3), and (4) and 2201.

1

## PARTIES

1. Plaintiff: Patrick Sander
   Address: 7 Saint Josephs Terrace, Albanyy New York 12210

2. Defendants:
   a. City Of Mount Vernon
      1 Roosevelt Square
      Mount Vernon City Hall
      Mount Vernon, New York, 10550

   b. Mount Vernon Police Department
      2 Roosevelt Square
      Mount Vernon, New York 10550

   c. Westchester Department Of Corrections
      10 Woods Road
      Valhalla, New York 10595

   d. Westchester County Department Of Social Services;
      Child Protective Services,
      Adult Protective Services,
      112 East Post Road
      White Plains, New York 10601

   d. Jacobi Medical Center
      1400 Pelham Pkwy S,
      Bronx, New York 10461

   e. New York Police Department
      1 Police Plaza,
      1 Police Plaza Path,
      New York, NY 10038

# Statement of Facts:

### First False Arrest

1. On July 27th 2020 I was falsely arrested by Mount Vernon Police after responding to a knock at my door.
2. Officer Patterson barged through my door and immediately arrested me and put handicuffs on me.
3. I did not state my name and chose to exercise my right to remain silent.
4. I was falsely accused by Rodney Failes of assault. Mr. Failes pointed at me and said I assaulted him. I was then arrested and put in the back of a police vehicle.
5. I told Officer Patterson that my 1 year old son was upstairs by himself.
6. My son was left upstairs unattended while I was being arrested.
7. I told Officer Patterson that Rodney Failes assaulted me at my party and that I was the victim.
8. CPS was called and opened an investigation on me.
9. Mount Vernon Police Department called CPS on me to open an investigation.
10. Officer Patterson was the supervising Officer that made the arrest.
11. I was arrested for assault.

### CPS Case

12. An CPS case was opened on me.
13. I was not allowed to see my new born son.

### Second False Arrest

14. I was arrested a second time by Mount Vernon Police Department.
15. I was accused of assaulting my mother by Jacobi Medical Center and New York City Police and the case was transferred over to Mount Vernon Police Department.
16. After dropping my mother off at Jacobi Medical Center, New York City Police was called to Jacobi Medical Center for an alleged assault.
17. The next day SWAT surrounded my house and took me into custody.
18. I was arraigned on September 24th 2020.

**Denial Of My Due Process Rights**

19. I was denied my right to a felony hearing which would have cleared me of the charges and saved the taxpayers money.
20. I immediately asked for a felony hearing at my arraignment.
21. I did not know that there was an ongoing investigation against me by APS ( Adult Protective Services ).
22. I was secretly indicted and my felony hearing was denied.

**Illegal Detainment and Cruel and Unusual Punishment**

23. I did 7 to 8 months in Administrative/Medical Segregation for 24 hours a day 7 days a week.
24. From October 2020 to April 2021.
25. I was suppose to be under an Observation Hold.
26. I sent out several complaints using the grievance procedure and also wrote and informed the Commissioner of the Westchester Department of Corrections.
27. The Westchester Department of Corrections had many options that could have prevented my long stay in segregation and chose

to ignore them for a more punitive means.

## Numerous Complaints and Grievances

28. I was subjected to numerous infractions and wrongs done by the Correctional Officers which I wrote numerous complaints and grievances about which were handled by in house staff and employees.

## Both Cases Were Dismissed

29. Both of the arrest were eventually dismissed and I recieved Certificates of Dismissal on all cases.
30. The cases were dismissed due to 30.30 motions.

Claims For Relief:

              Fourth Amendment ( 42 U.S.C ss1983 )

1. False Arrest:

a. Defendants violated this Plaintiffs Fourth Amendment rights by subjecting him to an unreasonable search and seizure at his home. They detained and arrested this Plaintiff without factual probable cause. Escalated the detention of the Plaintiff beyond the permissible scope of an investigatory stop with bias.

b. Police never witnessed the action that caused the arrest. Which makes it a vague action, under the void for vagueness statute. Also, a warrantless arrest. Making this an arbitrary arrest.

c. Defendants also violated this Plaintiffs Fourth Amendment rights by arresting him and causing him to be jailed while relying on an invalid basis - the Plaintiffs initial refusal to answer questions about his identity and hearsay.

Defendants directed, approved, and authorized this Plaintiffs unconstitutional arrest; and he knowingly disregarded the fact that this Plaintiff was the victim of an assault and was bleeding from his nose being broken by Mr. Failes at the time of the arrest and that the Plaintiffs arrest and subsequent incarceration would be the obvious consequence of his actions and omissions.

              Fourth Amendment ( 42 U.S.C ss1983 )

2. False Arrest:

a. Also, in the case with my mother, there was no evidence of an assault. The police relied on the testimony of a nurse that did not witness or evidence any assault.

              Fifth Amendment ( 42 U.S.C. ss 1983 )

3. Denied due process of law:

a. Defendants violated this Plaintiffs right to Due Process when Defendant asked and made a request for 180.80 in the

1

initial stage and presentment of the action bought on by the people at the arraignment and was circumvented and conspired against by his attorney at the time, the Judge, and the District Attorney.

If proven to be so, constitutes an injustice and is illegal and unethical. The Assistant District Attorney would've had to have initiated an investigation prior to me applying the right to a felony hearing, which would have been done in secret and showing of ill-intent and conspiracy.

A Felony Hearing not being a constitutional right, but a Due Process right, serves a major function in the Judicial, and Justice System. Being that a Defendant <u>has a right</u> to a prompt hearing upon the issue of whether there is <u>sufficient evidence</u> to warrant the court in holding him for the action of a Grand Jury.

In my case, no such hearing or right was accorded me. Even though I specifically asked for one at my arraignment on the record. Upon application of the law and right to a felony hearing, the time of said felony hearing starts. Defendant is now under the protection, guidelines, and term of such preliminary hearing ( felony hearing ) until a disposition is reached or felony hearing begins. The term of the felony hearing cannot be bypassed or circumvented unless defendant waives such rights.

Fifth Amendment ( 42 U.S.C. ss 1983 )

4. Malicious Prosecution:

a. The District Attorney knowing that my mother suffered from dimentia and needed public assistance, used her influence to coerce a false statement from my mother. With a lack of Evidence decided to continue in the persute of my case.

The Westchester County District Attorney and Judges denied me my due process rights to a felony hearing and also coerced and used illegal persuasive tactics in getting a Grand Jury

indictment against me. I was secretly indicted by an investigation I had no knowledge of. My attorney at the time Christine Asch of the Legal Aid Society also worked with the District Attorney behind my back to help them get this indictment. Evidence that was submitted to the District Attorney, the Police Officers, and the Judges was overlook in their persute of a conviction.

    b. An CPS case was opened on me invloving my 1 year old child at the time and I was not allowed to see my children.

    c. An APS ( Adult Protection Services ) was also initiated by Department Of Social Services behind my back which I was unaware of. Which led to the further prosecution and indictment in the second false arrest case.

## Eighth Amendment ( 42 U.S.C. ss 1983 )

5. Cruel and unusual punishment:

    a. Due to the fact that I was kept in Administrative/Medical segregation for the entirety of my time, incarcerated in Valhalla Correctional Facility, when there was a known option and method other than segregation available at the time. I did a total of 7 to 8 months in Administrative/Medical segregation.

    b. The abuse of Administrative Segregation and Medical Segregation as a punishment was unnecessary and unusual. The PUNISHMENT must not be so severe as to be degrading to the dignity of a human being. The key word there being PUNISHMENT. Being that I never committed any infraction or broke any rule to be punished for, the use of these punitive methods were unnecessary and unusual.

    c. As a person who suffers from Bipolar, Manic Depression, and Anxiety, prolonged isolation has an adverse affect on the psyche. I suffered months of Isolation in a 6 by 9 cell. I informed the Mental Health staff at the facility and also continued therapy when I was released. A person with psychiatric history and issues

should not be placed in long term isolation by law.

## **PRAYERS FOR RELIEF**

**Wherefore**, Plaintiff requests that this Court grant the following relief:

    1. I am seeking punitive, emotional, psychiatric and financial damages in the amount of;
    a.  $4000.00 dollars a day or a $1,000,000.00 dollars, whichever is greater, for every day that I spent in Administrative/Medical Segregation.
    b. $2500.00 dollars a day or $600,000.00 dollars, whichever is greater, for everyday of lost wages, time spent away from my family, legal fees and the time spent on this matter.
    c. $1000.00 dollars a day or $240,000.00 dollars, whichever is greater for every day that was spent seperated from my child because of the CPS investigation.
    d. $2500.00 dollars a day or $600,000.00 dollars, whichever is greater, for every day of my mental sufferage and anguish from being in isolation when there was no need to be and the therapy and medical bills that was necessary after my release for the worsening of my condition being that I had a diagnosis of bipolar manic depression.
    e. $1,000,000.00 dollars for false arrest and malicious prosecution, when the Police and the Court had no evidence to have me incarcerated.

    2. That an investigation and probe be made into the dealings and policies of the Westchester County Department Of Corrections Valhalla Campus concerning Administrative/Medical Segregation.

I declare under penalty of perjury that the foregoing is true and

1

correct to the best of my knowledge.

**Dated:** July 18th 2023

_Patrick Snuden_
_P.S._
Plaintiffs Signature