UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK SANDER,

                                    Plaintiff,

            -against-

CITY OF MOUNT VERNON, et al.,

                                    Defendants.

23-CV-6204 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights in connection with two arrests. By order dated

August 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that

is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to

file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings claims arising from his two arrests by members of the Mount Vernon Police Department ("MVPD"). Named as defendants are: (1) City of Mount Vernon; (2) MVPD; (3) Westchester County Department of Corrections ("WDOC"); (4) Westchester County Department of Social Services ("DSS"); (5) Westchester County Adult Protective Services ("APS"); (6) Westchester County Child Protective Services ("CPS"); (7) Jacobi Medical Center; and (8) New York City Police Department ("NYPD"). Plaintiff seeks injunctive relief and money damages.

The following facts are taken from the complaint. On July 27, 2020, police officers from the MVPD knocked on Plaintiff's door and immediately arrested him based on Rodney Failes' false accusation that Plaintiff had assaulted him. Plaintiff chose not to give the police his name, but informed Supervising Officer Patterson that his one-year-old son was upstairs by himself. However, the police arrested him and left his son unattended. Plaintiff also informed Officer Patterson that he was the victim; Failes had assaulted him at a party. Later, the MVPD called CPS, which opened an investigation on the matter. Plaintiff was not allowed to see his newborn son.

In September 2020, Jacobi Medical Center accused Plaintiff of assaulting his mother after he dropped her off at the hospital. The case was transferred from the NYPD to the MVPD, and the next day a SWAT team surrounded Plaintiff's house and took him into custody. Plaintiff was arraigned on September 24, 2020. Plaintiff learned that APS had an ongoing investigation against

him. He asserts that he was "secretly indicted " and his request for a felony hearing was denied. (ECF 1 ¶ 22.)

After the second arrest, Plaintiff was held under an "Observation Hold" in "Administrative/Medical Segregation" at the WDOC for about seven to eight months, from October 2020 to April 2021. (*Id.* ¶¶ 23-26.) Because Plaintiff suffers from bipolar disorder, manic depression, and anxiety, the "prolonged isolation had an adverse [e]ffect on [his] psyche." (*Id.* at 8 ¶ 5(c).) Plaintiff asserts that the WDOC "had many options that could have prevented [his] long stay in segregation and chose to ignore them for a more punitive means." (*Id.* ¶ 27.)

Both of the charges for which Plaintiff was arrested were eventually dismissed.

Plaintiff brings this action asserting false arrest and malicious prosecution claims. He asserts that the police arrested him without probable cause because he was Failes' victim and there was no evidence he had assaulted his mother. Plaintiff also asserts that he was denied due process in his criminal proceedings and that the Westchester County District Attorney's Office "coerce[d] a false statement" from his mother, who suffered from dementia. (*Id.*, at 7 ¶ 4(a).) He also claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, when he was kept in segregation at the WDOC, although there were other options available.

## DISCUSSION

### A.    Claims under Section 1983

#### 1.    False Arrest Claims

Plaintiff brings false arrest claims arising out of his two arrests by police officers from the MVPD.[1] For false arrest claims, the Court first looks to state law to establish the elements of

---

[1] "[F]alse arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false

such a claim under 42 U.S.C. § 1983. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) (Alito, J, dissenting) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State), *abrogated on other grounds*, *Thompson v. Clark*, 596 U.S. 36 (2022). Under New York law, to state a claim for false arrest, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012).

An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest").

---

imprisonment." *Singleton v. N.Y.C. Police Dep't*, No. 20-CV-9699, 2021 WL 665032, at *5 n.6 (S.D.N.Y. Feb. 17, 2021) (internal quotation marks and citations omitted); *see Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). For that reason, the Court refers to Plaintiff's claims arising from his arrest or confinement as claims of false arrest.

Plaintiff alleges that he was arrested twice and falsely charged, and that the criminal charges against him were ultimately dismissed. However, He does not allege facts suggesting that the facts and circumstances of his arrests were not sufficient to warrant the belief by a person of reasonable caution that he had committed a crime and that the police had probable cause to arrest him. *See Ricciuiti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Because Plaintiff is proceeding *pro se*, in an abundance of caution the Court grants him leave to replead his false arrest claims. Plaintiff must file an amended complaint providing facts that suggest that, in arresting him, police lacked probable cause or otherwise acted unreasonably or in the absence of good faith. He must also name as defendants the individuals who were involved in or responsible for his arrest and imprisonment.

### 2.    Malicious Prosecution Claims

Plaintiff also asserts malicious prosecution claims. The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing that the: (1) defendant initiated or continued a prosecution against the plaintiff; (2) defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) defendant acted with malice; and (4) prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson*, 596 U.S. at 39.

Plaintiff does not allege facts suggesting that any defendant initiated a prosecution against plaintiff, lacked probable cause to commence the proceeding, or acted with malice when doing so. The Court therefore grants Plaintiff leave to amend his complaint to state facts in support of any malicious prosecution claims he intends to pursue. He must also name as defendants the persons responsible for the alleged malicious prosecution.

### 3.     Administrative/Medical Segregation

Plaintiff asserts that correction staff at the WDOC placed him in administrative/medical segregation for seven to eight months in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. However, because Plaintiff was a pretrial detainee at the time of the alleged violations, his claims arise under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The Court therefore analyze his placement in administrative/medical segregation claims under the Fourteenth Amendment.

Plaintiff's claims of confinement in segregation at the WDOC may implicate procedural due process under the Fourteenth Amendment. The two threshold questions in any claim for the denial of procedural due process are whether the plaintiff possessed a liberty or property interest and, if so, what process was due before plaintiff could be deprived of that interest. *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). A pretrial detainee generally has a liberty interest in not being placed in administrative segregation. *See Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001). For pretrial detainees, the process that is due turns on whether the conditions were imposed for punitive or administrative reasons. A prisoner placed in administrative segregation must receive notice of why he is being placed there and an opportunity to respond. *Proctor v. LeClair*, 846 F.3d 597, 609 (2d Cir. 2017) (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)). Furthermore,

once a prisoner has been confined to administrative segregation, officials must engage in "some sort of periodic review" to assess whether the prisoner remains a security risk. *Id.* (quoting *Hewitt*, 459 U.S. at 477 n.9).

If the conditions were imposed for punitive reasons, however, the process due is that set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Under *Wolff*, "an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 563-67).

Plaintiff's assertions may also suggest substantive due process claims. Because a pretrial detainee has not been convicted of any crime and therefore cannot be punished, "in assessing whether restrictions on pretrial detainees comport with substantive due process, '[a] court must decide whether the [restriction] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017) (quoting *Bell*, 441 U.S. at 538) (alterations in original). "Absent a showing of an expressed intent to punish, the determination whether a condition is imposed for a legitimate purpose or for the purpose of punishment 'generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Benjamin*, 264 F.3d at 188 (quoting *Bell*, 441 U.S. at 538) (brackets in original). If the conditions are "incident[s] of a legitimate nonpunitive governmental objective," they do not

violate the Due Process Clause even if they "may on [their] face appear to be punishment." *Bell*, 441 U.S. at 539 n.20.

Plaintiff alleges that his rights were violated when he was held in administrative/medical segregation for seven to eight months while he was detained at the WDOC. However, he alleges no facts concerning the process, if any, that led to his segregation. The Court therefore grants Plaintiff leave to submit an amended complaint alleging further facts showing that he was placed in administrative/medical segregation without due process.

In the amended complaint, Plaintiff should name as defendants those individuals who were personally and directly involved in violating his rights, and allege facts showing how each defendant violated his rights. Plaintiff should state whether he received any notice concerning the segregation and whether he was given an opportunity to address the matter. The amended complaint should name all of the defendants and include all of the claims Plaintiff wishes to pursue regarding the administrative/medical segregation.

## B.    Named Defendants

### 1.    Mount Vernon Police Department

Plaintiff brings claims against the MVPD, which is an administrative arm of the City of Mount Vernon. As such, it does "not have a legal identity separate and apart from the municipality, and cannot sue or be sued." *Carroll v. City of Mount Vernon*, 707 F. Supp. 2d 449, 451 n.2 (S.D.N.Y. 2010) (relying on *Warner v. Village of Goshen Police Dep't*, 256 F. Supp. 2d 171, 175-76 (S.D.N.Y. 2003)). The Court therefore dismisses the claims against the MVPD for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court considers whether the facts alleged can support a claim against the City of Mount Vernon below, in the "Municipal Liability" section of this order.

### 2.    New York City Police Department

Plaintiff's claims against the NYPD must also be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court also dismisses the claims against the NYPD for failure to state a claim. *See* § 1915(e)(2)(B)(ii). The Court considers, however, whether the facts alleged can support a claim against the City of New York below, in the "Municipal Liability" section of this order.

### 3.    Westchester County Agencies – Department of Corrections, Department of Social Services, Adult Protective Services, and Child Protective Services

Plaintiff's claims against the Westchester County agencies must be dismissed because municipal agencies or departments, such as these defendants, do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against WDOC, DSS, APS, and CPS as nonsuable entities for failure to state a claim. *See* § 1915(e)(2)(B)(ii). The

Court considers whether the facts alleged can support a claim against Westchester County below, in the "Municipal Liability" section of this order.

## C.      Jacobi Medical Center

Plaintiff  cannot pursue claims against Jacobi Medical Center for allegedly reporting to the police that he had assaulted his mother. "It is well established that a hospital is not a 'person' [for the purposes of] Section 1983" liability. *Mejía v. Davis*, No. 16-CV-9706 (LJL), 2018 WL 333829, at *4 (S.D.N.Y. Jan. 8, 2018) (collecting cases); *Kearse v. Lincoln Hosp.*, No. 07-CV-4730 (PAC) (JCF), 2009 WL 1706554, at *2 (S.D.N.Y. June 17, 2009) (hospital not a "person" within meaning of Section 1983). Jacobi Hospital is operated by New York City Health+Hospitals ("H+H"), which is a public benefit corporation created by New York State law. To pursue his claims concerning Jacobi Medical Center, Plaintiff would have to bring claims against H+H,  which can be sued under Section 1983. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1). However, as discussed below, to bring a claim against H+H, Plaintiff would have to allege facts indicating that H+H violated his rights.

## D.      Municipal Liability

Plaintiff sues the City of Mount Vernon and may intend to sue Westchester County, the City of New York, and H+H. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section

1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

To the extent Plaintiff seeks to bring claims against the City of Mount Vernon, Westchester County, the City of New York, or H+H, his complaint does not set forth facts suggesting that a municipal policy, custom, or practice of these entities resulted in or contributed to a violation of his constitutional rights. *See, e.g.*, *Maloney v. Cty. of Nassau*, 623 F. Supp. 2d 277, 289-90 (E.D.N.Y. 2007)("Although plaintiff in this case alleges that various County Defendants were acting 'pursuant to official policy,' . . . plaintiff's Amended Complaint does not even identify a municipal policy or custom that resulted in the alleged Constitutional violations. Moreover, the Amended Complaint does not allege facts which suggest the existence of a municipal policy or custom."). The Court therefore grants Plaintiff leave to name all the municipal defendants he wishes to sue and to state facts suggesting that each of the named defendant's policy, custom, or practice caused the violation of his rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state valid false arrest and malicious prosecution claims, the Court grants

Plaintiff 60 days' leave to amend his complaint to detail his claims.

### A.    John or Jane Doe Defendants

Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"

in both the caption and the body of the amended complaint.[3] The naming of John Doe

defendants, however, does *not* toll the three-year statute of limitations period governing this

action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

defendants and amending his complaint to include the identity of any "John Doe" defendants

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of

the Federal Rules of Civil Procedure.

### B.    Statement of Claim

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Police Officer Doe #1 on duty August 4, 2022."

consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against Mount Vernon Police Department, Westchester County Department of Corrections, Westchester County Department of Social Services, Westchester County Adult Protective Services, Westchester County Child Protective Services, Jacobi Medical Center; and New York City Police Department for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6204 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 6, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
　　　　　　　　(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                 (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name              Middle Initial       Last Name

_____
Street Address

_____
County, City                State          Zip Code

_____
Telephone Number        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                           Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                           Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                           Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.