# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Patrick Sander,
             Plaintiff

                    -against-

City Of Mount Vernon,
and Westchester County
Department Of Corrections, et al.,
                 Defendants.

**23-CV-6204**
**AMENDED COMPLAINT**
I would like a Jury Trial



## I. **BASIS FOR JURISDICTION**
Pursuant to 42 U.S.C. section 1983, plaintiff asserts that he was deprived his constitutional rights under the color of law while in the custody of the defendant, as ward, of the Westchester County Department Of Corrections.

## II. **STATEMENT OF CLAIM**
**Malicious Prosecution**: An investigation was initiated by the County Department of Social Services which led to me being incarcerated and a CPS case was initiated which caused me to not see my newborn son.
A secret indictment was presented and my rights to a felony hearing that would have cleared me of the charges was denied me even though I made a specific request for one. A felony hearing is not a right, but a crucial part of the legal process that would have saved the court from proceeding with a frivolous case. The district attorney saw an opportunity to prosecute a case against a defendant with a criminal history and thought this would be an

open and shut case, which it was not. The Police and courts own prejudice is what set the stage for the false arrest and persute of prosecution where there was no case. And because of that, the court went above the scope of the law when trying to prosecute the plaintiff and went the extra step of initiating a CPS case where there was none to keep me from my newborn son. An order of protection was initiated alongside the case.

Plaintiff fits all 4 of the criteria for a malicious prosecution case as the law points out by the court:

1. Defendant initiated or continued a prosecution against the plaintiff via secret indictment and denial of due process rights.

2. Defendant lacked probable cause to commence the proceedings or BELIEVE THE PROCEEDING COULD SUCCEED. Which was reflected in the DISMISSAL by 30:30, which shows the prosecution was never ready and knew they could not succeed from the beginning. Especially, after firing and moving the prosecutor on the case when they saw that they were losing.

3. Defendant acted in malice, when knowing that the case was frivolous and continued to prosecute when they saw that there was no evidence to support the accusations and initiated a CPS case against the Plaintiff when there was no reason to.

4. Prosecution was terminated in the plaintiff's favor.

Plaintiff case was dismissed without prejudice. In a Supreme court ruling 6-3, the court stated that in order to sue, a defendant does not have to be found guilty by a judge or jury and prosecutors don't have to state that they wrongly filed charges. It is enough, the court said, if the charges are simply dismissed.

**Deprivation Of Rights Under Due Process:** On around October of 2020 while in the custody of the sheriff ( defendant ) at the Westchester County Jail, my refusal to take a Covid Test led to me being confined to administrative segregation by the defendant,

pass the 14 day quarantine period. The 14 day quarantine period was an isolation and observational period, observational is the key wprd here. I never showed any signs of Covid and should have been released after my 14 day quarantine. I refused the swab and requested a blood draw, which was an alternative method which was available to me, but the administration stated that the cost would be to demanding and decided to punish me for non-compliance, even thought the blood draw was an alternative option that was eventually used. The Captains and Sargeants that ignored my numerous grievances and attempts at review for my placement in segregation, whose names I do not remember or know, did not follow the proper due process which caused me harm. Also, the numerous grievances and letters of correspondence that went unanswered and kept in house. I did make an attempt at court intervention by filing a habeous corpus and was in the process of initiating an article 78 when I was eventually released.

A prisoner placed in administrative segregation must recieve notice of why he is being placed there and an opportunity to respond. Once a prisoner has been confined to administrative segregation, officials must engage in " some sort of periodic review " to assess whether the prisoner remains a security risk. The Commissioner of the Department who I wrote several times in inquiry to my situation. The County Executive who I wrote in inquiry to my situattion. And the countless grievances which I wrote requesting that my segregation be reviewed. I was evetually given the blood draw, a day before my release and was found to be Covid Free.

My due process rights were violated and I was subjected to a deprivation of my liberties while incarcerated when I never committed any crime.

3

## III. INJURIES

I suffered long periods of isolation, psychological trauma, and mental depravity and anguish. Malnutrition, loss of religious freedoms, loss of rights to defend myself due to loss of legal law library, poor physical health ( back pains which still persist ), etc. I also suffered loss of my home, loss of my work, time lost while sitting in jail for no reason, lost my vehicles, loss of reputation, loss of my benefits ( SSI ), loss of my relations with my children and my family. Loss of time with my mother in her final days.

## IV. RELIEF

Wherefore, Plaintiff requests that this Court grant the following relief:

1. I am seeking punitive, emotional, psychiatric and financial damages in the amount of;

a. $4ooo.o0 dollars a day or a $1,000,000.00 dollars, whichever is greater, for every day that I spent in Administrative/Medical Segregation.

b. $2500.00 dollars a day or $600,000.00 dollars, whichever is greater, for everyday of lost wages, tIme spent away from my family, legal fees and the time spent on this matter.

c. $1ooO.00 dollars a day or $240,000.00 dollars, whichever is greater for every day that was spent seperated from my child because of the CPS investigation.

d. $2500.00 dollars a day or $600,000.00 dollars, whichever is greater, for every day of my mental sufferage and anguish from being in isolation when there was no need to be and the therapy and medical bills that was necessary after my release for the worsening of my condition being that I had a diagnosis of bipolar manic depression.

e. $1,000,000.00 dollars for false arrest and malicious prosecution, when the Police and the Court had no evidence to have me

4

incarcerated.

2. That an investigation and probe be made into the dealings and policies of the Westchester County Department Of Corrections Valhalla Campus concerning Administrative/Medical Segregation. I declare under penalty of perjury that the foregoing is true and

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _August 26th 2024_ | _P. S_ |
| Dated | Plaintiff's Signature |
| _Patrick_ | _Snyder_ |
| First Name | Middle Initial    Last Name |
| _7 Saint Josephs Terrace_ | |
| Street Address | |
| _Albany_ | _New York_    _12210_ |
| County, City | State    Zip Code |
| _347-449-3489_ | |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



From: Patrick Coulter
Patrick Joseph Trake
Albany NY 12210

RECEIVED

Courts Pro Se Intake Unit
Clerk Of Court
United States District Court
Southern District Of New York
U.S. CourtHouse - 500 Pearl Street
New York, NY 10007

**Retail**



UNITED STATES
POSTAL SERVICE®



10007

**RDC 99**

U.S. POSTAGE PAID
FCM LETTER
ALBANY, NY 12207
AUG 26, 2024

**$5.86**

S2324M503307-15

9589 0710 5270 1200 6709 53