UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK SANDER, | |
| Plaintiff, | 23-CV-6204 (CS) |
| -against- | ORDER OF SERVICE |
| CITY OF MOUNT VERNON; WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

CATHY SEIBEL, United States District Judge:

Plaintiff Patrick Sander, who resides in Albany, New York, brings this action, *pro se*, under 42 U.S.C. § 1983, against the City of Mount Vernon and the Westchester County Department of Corrections ("WDOC"). He asserts claims of false arrest, malicious prosecution, and denial of due process.

By order dated August 7, 2023, Chief Judge Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees. For the reasons set forth below, the Court: (1) directs the Clerk of Court to add as individual defendants "John Does 1-10"; (2) dismisses the claims against the WDOC for the same reasons stated by Judge Swain in the May 6, 2024 order; (3) adds Westchester County as a defendant under Fed. R. Civ. P. 21; (4) directs service on the City of Mount Vernon and the County of Westchester; and (5) directs the Corporation Counsel of the City of Mount Vernon to provide Plaintiff and the Court with the identities, shield numbers and service addresses of the Mount Vernon Police Department ("MVPD") officers involved with the events alleged in Plaintiff's amended complaint.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.    Adding "John Does 1-10" as defendants

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff refers to unidentified individual officers of the MVPD as being involved in the events alleged in his amended complaint. In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's amended complaint as asserting false arrest claims against those unidentified individuals. Accordingly, the Court directs the Clerk of Court to add unidentified

2

"John Does 1-10" as placeholder defendants in this action, under Rule 21. This amendment is without prejudice to any defenses those individuals may wish to assert once identified.

**B.    Claims against the WDOC**

The Court assumes familiarity with the underlying facts of this case as summarized in Chief Judge Laura Taylor Swain's May 6, 2024 order. (ECF 5) In that order, Chief Judge Swain held that Plaintiff's claims against the WDOC were dismissed because municipal agencies or departments do not have the capacity to be sued under New York law. (*Id*. at 9.) Plaintiff again names the WDOC as a defendant in the amended claim. To the extent Plaintiff seeks to reassert the previously dismissed claims against the WDOC in the amended complaint, the Court dismisses them for the reasons stated in Chief Judge Swain's order.

In light of Plaintiff's *pro se* status and clear intention to assert claims against County of Westchester, the Court construes the amended complaint as asserting claims against the County of Westchester, and directs the Clerk of Court to amend the caption of this action to replace the WDOC with the County of Westchester. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the County of Westchester may wish to assert.

**C.    Service on the City of Mount Vernon and the County of Westchester**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the City of Mount Vernon and County of Westchester, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for these defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the amended complaint (ECF 8) upon each defendant.

If the amended complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.    The unidentified "John Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the MVPD to provide the identities, shield numbers and service addresses of the unidentified "John Doe" defendants – the individual officers of the MVPD who were involved with the events alleged in the amended complaint. It is therefore ordered that the Corporation Counsel of the City of Mount Vernon, who is the attorney for and agent of the MVPD, must ascertain the identities and shield numbers of those unidentified defendants, as well as their service addresses. The Corporation Counsel must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

4

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming those newly identified individuals as defendants and providing their service addresses. The second amended complaint will replace, not supplement, the original complaint and amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Westchester County Department of Corrections, and directs the Clerk of Court to substitute the County of Westchester as a defendant in this action. *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to: (1) to add as individual defendants "John Does 1-10"; (2) issue summonses for the City of Mount Vernon and the County of Westchester; (3) complete USM-285 forms with the service addresses for the named defendants; (4) deliver all documents necessary to effect service of the summonses and the amended complaint (ECF 8) on the defendants to the United States Marshals Service; and (5) mail an information package to Plaintiff.

The Court additionally directs the Clerk of Court to mail a copy of this order and the complaint to the Corporation Counsel for the City of Mount Vernon, at City Hall, 1 Roosevelt Square, Mount Vernon, NY 10550. An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 18, 2024
          White Plains, New York

_____

CATHY SEIBEL
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.      City of Mount Vernon
        City Hall
        1 Roosevelt Square
        Mount Vernon, NY 10550

2.      The County of Westchester
        County Attorney
        Law Department
        148 Martine Avenue, 6th Floor
        White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes     ☐ No
(check one)

___ Civ. _____ (    )

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**I.**      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's       Name_____
                  ID#_____
                  Current Institution_____
                  Address_____
                  _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1       Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

*Rev. 01/2010*                                    1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>Who did<br>what?</strong></div>

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>What<br>happened<br>to you?</strong></div>

D.    Facts:_____

_____

_____

_____

*Rev. 01/2010*                                                  2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?
_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.    Which claim(s) in this complaint did you grieve?
_____

_____

2.    What was the result, if any?
_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

*Rev. 01/2010*

4

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.     Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Inmate Number   _____

Institution Address   _____

_____

_____

_____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____